IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-18 |
| | § | |
| ADAM MCCAULEY FRISHMAN (1), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Adam McCauley Frishman's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 10, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Jay Combs. The Court conducted the hearing contemporaneously with related Cause Number 4:20-CR-103.

Defendant was sentenced on October 27, 2016, in Cause Number 4:16CR00018-001, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months. Defendant was subsequently sentenced to 46 months imprisonment followed by a 3-year term of supervised release. His term of supervised release is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing, and a $100 special assessment. On April 18, 2019, Defendant began his term of supervision.

REPORT AND RECOMMENDATION – Page 1

Defendant was subsequently sentenced on October 16, 2019, in Cause Number 4:20-CR-00103-001, before The Honorable Ed Kinkeade of the Northern District of Texas after pleading guilty to the offense of Escape from Custody, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 4 and a criminal history category of VI, was 6 to 12 months. Defendant was sentenced to Time Served followed by a 1-year term of supervised release (to run concurrent with the term of supervised release imposed in Cause Number 4:16-CR-00018-001). His term of supervised release is subject to the standard conditions of release, plus special conditions to include refrain from unlawful drug use, substance abuse treatment and testing, and a $100 special assessment. On October 16, 2019, he began his term of supervision [in Cause Number 4:16-CR-00018-1 and Cause Number 4:20-CR-00103-001]. On April 7, 2020, jurisdiction of Cause Number 4:20-CR-00103-001 was transferred to the Eastern District of Texas, and the case was assigned to U.S. District Judge Amos L. Mazzant, III.

On April 22, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 39, Sealed]. The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not unlawfully possess a controlled substance; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (5) the defendant shall not leave the judicial district without the permission of the Court or probation officer; (6) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person

convicted of a felony unless granted permission to do so by the probation officer; and (7) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction [o]f the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay any cost associated with the treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) on October 19, 2019, Mr. Frishman was issued a citation by Plano Texas Police Department for the offense of No Drivers License.  He paid fine in full on January 20, 2020.  On December 3, 2019, Mr. Frishman was issued a citation for No Drivers License by Frisco Texas Police Department.  He paid the fine in full on March 3, 2020.  On April 1, 2020, Mr. Frishman was arrested by McKinney Texas Police Department for the offense of Possession of Marijuana < 2oz, Class B Misdemeanor.  He was released on bond on April 2, 2020.  McKinney Police report indicates a vehicle was stopped for a traffic violation and Mr. Frishman was the driver of the vehicle.  Mr. Frishman appeared to be visibly shaking and extremely nervous.  Additionally, there was an odor of marijuana coming from the vehicle.  Mr. Frishman admitted to having approximately one ounce of marijuana inside the vehicle.  He also informed the officer he was on federal probation for a felon in possession of a firearm offense and reported he did have some ammunition in the vehicle but stated there was no firearm.  A Probable Cause search was conducted.  The search yielded a gallon zip lock bag with a green leafy substance that smelled like and appeared to be marijuana.  The substance weighed approximately 50 grams. Located in the vehicle were two loaded 9 mm handgun magazines, as well as an additionally container in the trunk of the car that contained over 50 rounds of 9 mm ammunition.  Based on the McKinney Police Department arrest information, it is determined Mr. Frishman also committed the offense of Felon in Possession of Ammunition, a Class C Felony in

violation of 18 U.S.C. § 922(g)(1); (2), (3) On April 1, 2020, Mr. Frishman was arrested by McKinney Texas Police Department for the offense of Possession of Marijuana < 2oz, Class B Misdemeanor. He was released on bond on April 2, 2020. McKinney Police report indicates a vehicle was stopped for a traffic violation and Mr. Frishman was the driver of the vehicle. Mr. Frishman appeared to be visibly shaking and extremely nervous. Additionally, there was an odor of marijuana coming from the vehicle. Mr. Frishman admitted to having approximately one ounce of marijuana inside the vehicle; (4) On April 1, 2020, Mr. Frishman was arrested by McKinney Texas Police Department for the offense of Possession of Marijuana < 2oz, Class B Misdemeanor. Mr. Frishman admitted to the arresting officer having approximately one ounce of marijuana inside the vehicle. He also informed the officer he was on federal probation for a felon in possession of a firearm offense and reported he did have some ammunition in the vehicle but stated there was no firearm. A Probable Cause search was conducted. The search yielded a gallon zip lock bag with a green leafy substance that smelled like and appeared to be marijuana. The substance weighed approximately 50 grams. Located in the vehicle were two loaded 9 mm handgun magazines, as well as an additionally container in the trunk of the car that contained over 50 rounds of 9 mm ammunition; (5) On November 3, 2019, Mr. Frishman had contact with Greenville Texas Police Department (PD). Greenville PD communications reports their agency received a disturbance call at an apartment complex. When officers arrived, people were running. Mr. Frishman was at the complex and questioned by law enforcement. At this time, it is unclear if he was involved in the disturbance. He was not detained or arrested. Mr. Frishman was found not involved in the disturbance. He reported was there to drop off a friend. On April 5, 2020 at 3:00 a.m., Mr. Frishman had contact with Greenville Texas PD. He reported he was with two friends in a parking lot fixing the bumper on his friend's truck when Greenville PD questioned them

regarding a curfew violation.  Greenville PD communications department was contacted.  It was reported a patrol officer likely ran a records check on Mr. Frishman from his patrol car and no official report regarding this contact was made.  Greenville, Texas is located in Hunt County which is not in the Eastern District of Texas; therefore, Mr. Frishman is in violation of his conditions for leaving the judicial district without permission; (6) On November 18, 2019, following attending a concert in Dallas, TX, with a female friend, Mr. Frishman went to a party in Plano, TX.  While leaving this party, he was stabbed in the back by a man who had been in a previous relationship with the female friend Mr. Frishman was with.  Mr. Frishman was taken to the hospital.  He suffered a collapsed lung and was hospitalized for several days.  Mr. Frishman contacted two associates, Michael Darland and Jax Allen, to meet him at the hospital following the incident.  Michael Darland is an associate Mr. Frishman met while in the Residential Reentry Center and is currently on federal supervision for Possession of a Stolen Firearm.  A criminal record check revealed Jax Allen has a pending felony drug charge out of Dallas County Criminal District Court; and (7) Mr. Frishman failed to report for drug testing at On-Scene Drugscreens, McKinney, TX on December 9, 2019, and February 22, 2020 [Dkt. 39 at 2-4, Sealed].

  Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2-7 of the Petition.  The Government dismissed allegation 1.  The Government further agreed that once Defendant is revoked, no past conduct (i.e., conduct occurring on or before the date of Hearing) will be used as a basis for future revocation.  Having considered the Petition and the plea of true to allegations 2-7, the Court finds that Defendant did violate his conditions of supervised release.

  Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of seven (7) months of imprisonment, such term of imprisonment to run consecutive to any term of imprisonment in Defendant's state case(s), with a term of supervised release of twenty-four (24) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring your gainful employment in an appropriate occupation; and (2) You must participate in a program for substance abuse treatment and testing and must abide by all the rules and regulations of the treatment program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 4th day of January, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE